IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**BELGRAVIA HARTFORD CAPITAL, INC.,**
and **BELGRAVIA HARTFORD GOLD**
**ASSETS CORP.,**

      **Plaintiffs**

v.                                                                                     No. 2:21-cv-0918 MIS/JHR

**POLYNATURA CORP.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING POLYNATURA'S REQUEST TO STAY DISCOVERY

This matter comes before the Court on Defendant PolyNatura's Notice of Non-Appearance and Motion for Protective Order Staying Discovery. [Doc. 100]. Plaintiffs Belgravia filed a response in opposition [Doc. 105], and PolyNatura replied. [Doc. 113]. PolyNatura requests to stay deposition discovery pending a decision on its Motion for Summary Judgment. *See* [Doc. 102]. For the reasons stated below, the Court will **DENY** PolyNatura's Motion because the balance of factors weighs against the necessity of a stay.

### I.    BACKGROUND

**A. Procedural History**

This case centers around a dispute over whether or not PolyNatura breached the parties' Settlement and Royalty agreements which governed PolyNatura's realization of water and mineral rights and payment of royalties therefrom to Belgravia. *See* [Doc. 33, p. 1-7]. Belgravia contends that PolyNatura failed to use "commercially reasonable efforts" to develop and sell the water rights

and thereby breached its obligations to Belgravia under said agreements *Id.* at 4. PolyNatura maintains that it made commercially reasonable efforts to develop and sell the rights and did not "unconditionally agree" to pay for Belgravia's shares. *Id.* at 6. Based on these allegations, Belgravia brings a breach of contract claim premised on alleged breach of the Royalty Agreement. [Doc. 67] (Second Amended Complaint).

PolyNatura filed a Motion for Summary Judgment requesting dismissal of Belgravia's claim because it contends that the issue of whether "commercially reasonable efforts" were used to realize the water and mineral values is a question of law. [Doc. 102, p. 5]. It believes the undisputed facts show that PolyNatura in fact did employ commercially reasonable efforts (despite their lack of success) and says that Belgravia cannot establish any disputed facts to the contrary nor establish damages. *Id.* at 25, 26. Because it alleges that the Royalty Agreement was "intended to protect PolyNatura from precisely the kind of speculative second guessing that pervades the [Second Amended Complaint]," PolyNatura requests dismissal of the matter. *Id.* at 26.

Belgravia responds that several factual disputes preclude summary judgment. [Doc. 108, p. 2]. Belgravia refutes that "Belgravia waited several years for PolyNatura to fulfill its contractual obligations, and PolyNatura failed to do so." *Id.* "At minimum," Belgravia contends, it should be allowed to conduct several key depositions which will reveal that PolyNatura did not make commercially reasonable efforts and tried to "limit [the] liquidity" of Belgravia *Id.* Finally, Belgravia contends that PolyNatura's self-serving interpretation of the Royalty Agreement and nondisclosure of pertinent records to Belgravia undermine PolyNatura's summary judgment grounds. *Id.* at 3.

B. **PolyNatura's Motion requesting a stay of discovery.**

This summary judgment background bears upon the instant Motion to stay because the possibility that summary judgment may dispose of Belgravia's claim is the main reason for PolyNatura's request. [Doc. 100, p. 3]. In the Motion, PolyNatura emphasizes that the "commercially reasonable efforts" standard is a question of law, not fact, and thus proper for resolution at the summary judgment stage. *Id.* at 4. PolyNatura also proffers that it attempted to resolve this litigation through an offer of profits and control which Belgravia rejected. *Id.* PolyNatura advances that a stay will protect it from undue burden and expense primarily because the fee shifting provision in the Royalty Agreement will "asymmetrically" benefit Belgravia: PolyNatura asserts that Belgravia does not have enough liquid cash in reserves to pay a judgment if PolyNatura prevails. *Id.* at 4-5. Finally, if the stay is denied, PolyNatura requests a thirty-day fact discovery extension in order to schedule and take depositions. *Id.* at 5.

C. **Belgravia's Response**

Belgravia first responds with a thorough procedural background describing its perspective of attempts to move the case and secure the depositions it claims to need to properly defend against summary judgment. [Doc. 105, p. 2-4]. It next addresses the factors courts in this District use to evaluate whether or not to grant a stay. *Id.* at 6-10. First, Belgravia states that continuing discovery will not harm PolyNatura and that any argument regarding Belgravia's cash position is an "inappropriate litigation tactic" and "speculative at best." *Id.* at 6, 8. Second, Belgravia contends that staying discovery would harm its interests in speedily resolving the matter, properly preparing for trial, and responding to summary judgment. *Id.* at 9. Third, Belgravia argues that a stay is not in the best interest of the Court, non-parties to the litigation, nor the public. *Id.* Under this factor,

3

Belgravia admits that granting a stay may conserve resources if the Court grants summary judgment but counters that Belgravia's right of discovery as plaintiff outweighs this benefit. *Id.* Belgravia also reasons that a stay may stymie conservation efforts because, if summary judgment is denied, more resources would be expended for additional depositions and deadline extensions. *Id.* at 9-10. Finally, Belgravia opposes fully reopening fact discovery as Polynatura requests, urging that Polynatura made a "strategic decision [not to set depositions] and should live with it." *Id.* at 10. Belgravia also requests two additional depositions. *Id.*

### D. PolyNatura's Reply.

PolyNatura replies that it has not delayed the proceedings and points to various omissions of Belgravia which allegedly slowed the case. [Doc. 113, p. 3, 4]. It repeats its argument that Belgravia has not met its burden of showing a genuine factual dispute for summary judgment purposes and cannot do so even if it conducts the requested depositions. *Id.* at 4-6. Finally, PolyNatura maintains that it would suffer undue burden and expense without a stay because Belgravia does not have enough funds in reserve to cover fee-shifting expenses. *Id.* at 6-7.

## II.   LEGAL STANDARDS

A court has broad discretion to manage its docket, which includes staying all or parts of a case. *Green v. Padilla*, No. CIV 19-0751 JB/JFR, 2023 WL 6540904, at *35 (D.N.M. Oct. 6, 2023). A stay of discovery is generally not appropriate unless the court's ruling on a pending motion will likely resolve the matter and "where the facts sought through uncompleted discovery would not affect the resolution of the motion." *Todd v. Montoya*, No. CIV 10-0106 JB/RLP, 2011 WL 13286329, at *4 (D.N.M. Jan. 18, 2011) (internal citations omitted). Consequently, "district

courts in the Tenth Circuit do not routinely grant stays" and therefore should use caution in using them. *Id.*; *Green*, 2023 WL 6540904, at *35.

No strict rules govern issuance of a stay because the inquiry is not "mechanical and narrow" and greatly depends on the facts and posture of the case. *Id.* The party seeking a stay has the burden to establish the "strong showing of necessity." *Id.* To assist in this determination, a court considers several factors: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citing *Todd*, 2011 WL 13286329, at *6).

### III.    ANALYSIS

The Court finds that a stay is inappropriate. Belgravia does not appear to dispute that the pending Motion for Summary Judgment is a dispositive motion and could resolve the sole claim if granted. *See* [Doc. 102]; [Doc. 67] (Second Amended Complaint). Nonetheless, PolyNatura has not made a strong showing of necessity for a stay of litigation. The Court thus exercises its broad discretion to deny the request for an order staying discovery but will allow a discovery extension.

**A. A stay would interfere with Belgravia's interest in expeditiously resolving the case and likely prejudice Belgravia.**

The primary consideration weighing against a stay is that facts gleaned from prospective discovery may affect the resolution of summary judgment. Key corporate representative depositions remain outstanding, the information from which is "central to the issues in this case and at the very core of PolyNatura's Motion for Summary Judgment." [Doc. 105, p. 8-9]. Absent these depositions, Belgravia claims that it is "prejudiced" in defending against summary judgment

5

and preparing for trial. *Id.* Belgravia categorizes this argument under the factor assessing the plaintiff's interest in proceeding expeditiously and the prejudice a delay would impose on the plaintiff. *Id.* at 8. The Court agrees that it is reasonable and foreseeable that information and views gleaned from PolyNatura's corporate echelon would bear on the core question of whether Belgravia employed "commercially reasonable efforts" to realize subsurface values. That said, this Court will not tread into the territory of whether or not Belgravia has already raised any genuine fact issues.  Overall, this factor weighs against granting a stay.

### B. A stay would inconvenience the Court, the public, and persons not party to the litigation.

Other considerations disfavoring stay include the inconvenience to the Court, to persons not party to the action, and to the public. Belgravia acknowledges the appeal of PolyNatura's rationale that a stay would save judicial resources. *See* [Doc. 105, p. 9, 10]. PolyNatura is partially correct that a stay would save time and expense if summary judgment is granted; the other side of that coin is that a stay could beget additional time and expense if summary judgment is denied. PolyNatura's confidence in the strength of its summary judgment motion does not carry through. If summary judgment is denied, Belgravia "would undoubtedly need to take the depositions it previously noticed which could in turn necessitate further extending pretrial and trial deadlines." [Doc. 105, p. 10]. Given the importance of the depositions Belgravia lacks, the Court agrees that additional time and effort would likely be expended.

Incidental to the factor of the court's convenience are the interests of non-party persons and the public. *See Mestas*, 2019 WL 5549913, at *1. The public has an interest in this matter being resolved in an efficient and economical manner, best served without unwarranted pauses and interruptions which engender a more remote and costly resolution. Likewise for persons not

party to the litigation, including employees, directors, and/or members of both parties. On balance, the Court agrees with Belgravia that these factors weigh against imposing a stay.

### C. Any burden on Polynatura resulting from denying a stay is not sufficient to overcome the other considerations.

The Court finds that any burden on PolyNatura is de minimus. Belgravia explains why denying a stay would not harm PolyNatura:

> The only harm that PolyNatura advances is that Belgravia's parent company keeps little cash on hand. This argument, while misplaced, reveals PolyNatura's true intention with respect to the Motion [for a stay]: require Belgravia to spend cash on motion practice it hope it will lead to a resolution of this case based on economics rather than merits.

[Doc. 105, p. 6-8]. Belgravia notes that this issue is also ripe for more discovery. *Id.* at 7. Consistent with Belgravia's framing, PolyNatura says its risk of not recouping fees per the Royalty Agreement and the "substantial unrecoverable legal fees" in connection with summary judgment warrant a stay. [Doc. 100, p. 6, 7]. PolyNatura merely characterizes Belgravia's requested depositions as non-urgent with "no downside" to putting them off (and blames Belgravia for delaying the case). *Id.* at 7. It does not directly address Belgravia's concern that genuine fact issues may arise from depositions. The Court will not opine on whether or not PolyNatura's intention is in fact to "starve out Belgravia's cash position;" on its face, this speculative harm is insufficient to warrant a stay. PolyNatura's argument is unpersuasive: this factor weighs against granting a discovery stay.

### D. PolyNatura's request for a discovery extension of thirty (30) days is granted.

PolyNatura alternatively requests that the Court extend the fact discovery deadline to thirty days after the Court issues an order denying the stay. [Doc. 100, p. 5]. This extension would allow PolyNatura to notice its own depositions and confer with Belgravia. *Id.* Belgravia opposes discovery being fully reopened because PolyNatura "made a strategic decision [not to notice any

7

depositions] and should live with it." [Doc. 105, p. 10]. However, Belgravia requests that it be permitted to depose Waterbank and Mr. Bill Turner if discovery is reopened. *Id.*

The Court finds it appropriate to grant the discovery extension considering that the effect of denying the stay is to allow discovery to proceed. Therefore, PolyNatura and Belgravia may notice their respective depositions within this period.

## IV.     CONCLUSION & ORDER

For the foregoing reasons, the Court finds that PolyNatura has not met its burden of showing that a discovery stay is necessary. Although a dispositive motion is pending, facts sought through outstanding depositions may affect the outcome of that motion. The Court will, however, allow a discovery extension to conduct depositions.

**IT IS THEREFORE ORDERED** that Defendant PolyNatura's Notice of Non-Appearance and Motion for Protective Order Staying Discovery [Doc. 100] is hereby **DENIED**.

**IT IS FURTHERMORE ORDERED** that discovery is reopened for a period of **thirty (30) days** from entry of this Order.

**IT IS SO ORDERED.**

							_____
							THE HONORABLE JERRY H. RITTER
							UNITED STATES MAGISTRATE JUDGE