IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELGRAVIA HARTFORD GOLD
ASSETS CORP.,

    Plaintiff,

v.                                              No. 2:21-cv-00918-MIS-JHR

POLYNATURA CORP.,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider ("Motion"), ECF No. 203 (Apr. 22, 2025). Defendant filed a response on May 6, ECF No. 206 ("Resp."), to which Plaintiff replied, ECF No. 208 (May 23, 2025) ("Reply"). Upon due consideration of the Parties' submissions, the record, and the relevant law the Court will **DENY** Plaintiff's Motion.

## BACKGROUND

The Court will assume the Parties' familiarity with the factual background of the case. As relevant here, Defendant PolyNatura Corp. ("PolyNatura") filed a Motion for Summary Judgment on August 12, 2024, in which it sought summary judgment on all of Plaintiff's claims. ECF No. 136. Plaintiff Belgravia Hartford Gold Assets Corp. ("Belgravia") responded to PolyNatura's motion on September 6, 2024, ECF No. 143, and PolyNatura replied on October 4, ECF No. 154. On December 4, the Court held a "limited hearing" on PolyNatura's motion for the purpose of addressing "(1) whether expert testimony is necessary on the meaning of 'commercially reasonable efforts' as it relates to the marketing of the water at issue in this case,

1

and (2) if so, whether such evidence is in the record." ECF No. 178; *see also* Clerk's Mins., ECF No. 184.

Following the hearing, the Court issued an Order permitting both Parties to file supplemental briefs on the issues discussed at the hearing. ECF No. 185. The Court also ordered Belgravia to "designate the evidence in the record . . . that it alleges demonstrates that [certain] witnesses previously testified as to commercial reasonableness and are in fact competent to do so," *id.* at 1, and permitted PolyNatura to file counter-designations., *id.* at 2. Belgravia filed its supplemental brief and designations on January 6, 2025. ECF Nos. 189, 190. Belgravia attached a new Declaration of Sidney Himmel as Exhibit A to its designations. ECF No. 190-1 ("Himmel Declaraction"). PolyNatura filed its brief in response and counter-designations on January 27. ECF No. 193. The same day, PolyNatura filed a motion to strike or exclude the Himmel Declaration that Belgravia had attached to its designations. ECF No. 195.

On February 7, 2025, the Court issued an Omnibus Order that, *inter alia*, granted PolyNatura's summary judgment motion as to Belgravia's claims for breach of contract for failure to use commercially reasonable efforts to monetize the mining asset, failure to use commercially reasonable efforts to monetize the water, and failure to engage with Buyer #1, and denied PolyNatura's motion as to Belgravia's claim for breach of contract as to the record inspection. Omnibus Order at 39, ECF No. 199. The Court also granted PolyNatura's motion to strike and excluded the newly-attached Himmel Declaration. On that subject, the Court wrote:

> Belgravia attached a new declaration from Mr. Himmel to its supplemental brief on designations of evidence. *See* Pl.'s Suppl. Br. 2, Ex. 1, ECF No. 190-1. PolyNatura has moved the Court to strike or exclude the declaration. Pl.'s [sic] Mot. Strike Exclude Decl. Sidney Himmel, ECF No. 195. As PolyNatura notes, in the order for supplemental briefing the Court did not permit the parties to submit new evidence. *See generally* ECF No. 185. The new declaration is untimely under

2

> both Rules 56 and 6(b). Fed. R. Civ. P. 56(c), 6(b). The Court will therefore GRANT PolyNatura's Motion and exclude the declaration. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95 (1990).

*Id.* at 30 n.10.

Belgravia now seeks reconsideration of the Court's summary judgment ruling based on the assertion that the Court's exclusion of the Himmel Declaration was clear error.

## LEGAL STANDARD

Plaintiff's Motion implicates the Court's power to reconsider interlocutory, rather than final, orders. The Federal Rules of Civil Procedure provide in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). To that end, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). "For guidance in considering such a motion, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Carbajal v. Lucio*, 832 F. App'x 557, 569 (10th Cir. 2020). Under that rule, "[g]rounds for granting a motion to reconsider . . . include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## DISCUSSION

### I. Parties' Arguments

Belgravia argues that the Court's decision to grant PolyNatura's motion to strike the Himmel Declaration was procedural and substantive error. First, Belgravia asserts that the Court's action was procedurally improper because it granted the motion before Belgravia had the opportunity to respond thereto. Mot. at 1-2. Second, Belgravia argues that the Court's decision was substantively erroneous because the Himmel Declaration was admissible and should have been considered by the Court, and, had the Court done so, it would properly have reached the opposite conclusion on PolyNatura's motion for summary judgment as to the commercially reasonable efforts (water) claim and denied the motion. *Id.* at 4-9.

Specifically, Belgravia asserts that the Himmel Declaration was timely because it "simply provides further support for his opinions and further data underlying those opinions which would have been available in a deposition transcript if PolyNatura had chosen to take such a deposition." *Id.* at 4. According to Belgravia, Mr. Himmel's testimony in his declaration "are all predicates to the opinion he expressed regarding the value of these particular water rights and the water itself" in his previously disclosed summary of facts and opinions. *Id.* at 5. Belgravia additionally argues that Mr. Himmel may properly offer expert testimony regarding the value of the water under Federal Rule of Evidence 702 and lay testimony as to his personal observations under Federal Rule of Evidence 701. *Id.* at 7-9. Thus, Belgravia concludes, reconsideration is warranted under Federal Rule of Civil Procedure 54(b) to correct the Court's clear error in excluding the Himmel Declaration and its subsequent ruling granting (in part) PolyNatura's motion for summary judgment. *Id.* at 9-11.

PolyNatura responds that Belgravia "comes nowhere near meeting" the standard for reconsideration under Rule 54(b). Resp. at 5. PolyNatura argues that, per the Court's Order (ECF No. 815), Belgravia "was not entitled to submit a new expert declaration." *Id.* It was Belgravia's burden, PolyNatura asserts, to "bring forth" the evidence in the Himmel Declaration in opposition to PolyNatura's summary judgment motion, and Belgravia failed to do so. *Id.* at 7. PolyNatura additionally argues that, even if the Court had considered the Himmel Declaration, the evidence therein "provides no ground to reconsider" the summary judgment ruling. *Id.* at 9-10.

In reply, Belgravia argues that this case differs from others because, here, the issue that Mr. Himmel's declaration addressed was raised *sua sponte* by the Court. Reply at 3-4. Belgravia also renews its argument that the declaration "is consistent with Mr. Himmel's prior designation and supplements the valuation analysis already disclosed." *Id.* at 4.

## II.     Analysis

First, the Court rejects Belgravia's assertion that its granting PolyNatura's motion to strike was procedurally improper. In support of that argument Belgravia cites only a case from the District of Columbia Court of Appeals (the District's highest "state"-level court). Mot. at 2 (citing *Puckrein v. Jenkins*, 884 A.2d 46, 52 (D.C. 2005)). That decision, of course, is not binding on this Court. *Puckrein* cites another D.C. Court of Appeals decision, which in turn cites *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). *Mullane* addressed the sufficiency of notice by publication in newspaper given to the beneficiaries of a trust as to actions concerning the disposition of that trust. 339 U.S. at 309-11. The Supreme Court concluded that such notice was insufficient, noting that "[t]he Due Process Clause . . . require[s]

that deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 313-14. That case, about constitutionally sufficient notice and service of process, is clearly inapposite on the instant issue of permitting a response to a motion to strike. In any event, even if PolyNatura had not moved to strike the Himmel Declaration, the Court would have excluded it *sua sponte* for the reasons discussed herein. *See United States v. Knox*, 124 F.3d 1360, 1363 (10th Cir. 1997) ("Evidentiary decisions rest within the sound discretion of the trial court. . . ."); *cf. Werner v. Young*, No. 22-5197, 2023 WL 639103, at *9 (6th Cir. Jan. 27, 2023) (affirming district court's *sua sponte* exclusion of affidavit); *J.C. Penney Corp. v. Oxford Mall, LLC*, 100 F.4th 1340, 1348-49 (11th Cir. 2024) (same); *see also Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1288-89 (10th Cir. 2002) (affirming district court's denial of motion to supplement a summary judgment reply brief with an affidavit as untimely).

The Court discerns no error in its decision to strike the Himmel Declaration, let alone clear error warranting reconsideration. First, the filing was untimely. *See Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 529-30 (D.N.M. 2007). In the Court's post-hearing order, the Court directed Belgravia to "designate the evidence ***in the record***" that it alleged demonstrated the existence of a witness competent to testify as to the meaning of "commercially reasonable efforts" regarding the marketing of the water. ECF No. 185 at 1 (emphasis added). The Court did *not* permit Belgravia to submit new evidence. At no point had Belgravia previously submitted a declaration from Mr. Himmel. The declaration it attached to its response was patently not evidence "in the record" at the time of the Court's order. As in *Lujan v. National Wildlife*

6

*Federation*, the Himmel Declaration was untimely under Rule 6(b).[1] 497 U.S. 871, 895 (1990). *Lujan* presented a very similar situation to the instant case: following a hearing, the district court "issued an order directing [one party] to file 'a supplemental memorandum regarding [a particular issue].' Although that plainly did not call for the submission of new evidentiary materials," the party submitted additional affidavits. *Id*. at 894-95. The Supreme Court held that the district court properly declined to admit the affidavits. *Id.* Belgravia attempts to distinguish *Lujan* on the basis that the affidavits in that case were "from never before disclosed witnesses." Mot. at 4. Belgravia is mistaken. At least one of the new affidavits in *Lujan* was from a witness who had previously filed an affidavit. *See* 497 U.S. at 892 n.3.

Belgravia's argument that the declaration was timely because the expert evidence issue was raised *sua sponte* by the Court is unavailing. In the first place, the argument reads as disingenuous. As the Court pointed out in the Omnibus Order, "[B]elgravia apparently previously recognized the need for expert evidence, stating in a prior filing in 2023 that 'PolyNatura has not supplied any evidence—such as an expert's opinion—allowing the Court to determine what a reasonable business entity would have made under similar circumstances.'" Omnibus Order at 20 n.9 (quoting Pl.'s Resp. Def.'s Mot. Summ. J. at 10, ECF No. 108). Indeed, between the filing of PolyNatura's original summary judgment motion and Belgravia's just-quoted response, Belgravia successfully moved to extend expert deadlines. Mot. Extend Expert Deadlines, ECF No. 106 (Oct. 16, 2023); Stipulated Order Extending Expert Deadlines, ECF No. 110 (Nov. 13, 2023). But Belgravia still did not seek to develop and offer expert evidence of its own on the commercially reasonable efforts issue.

---

[1] *Lujan* also concluded that the affidavits were untimely under a prior version of Rule 56 that, like Rule 6, required that affidavits be filed a certain amount of time before a hearing. 497 U.S. at 895.

Even taken at face value the argument fails. Belgravia states that "[b]efore the notice of hearing, Plaintiff had no reason to anticipate that expert testimony on the standard for commercially reasonable efforts would be dispositive[.]" Reply at 4. Pursuant to Rule 6(c)(2), any affidavit opposing a motion "must be served at least 7 days before the hearing[.]" The Court issued the Notice of Hearing on November 5, 2024—nearly a full month before the hearing was held. ECF No. 178. Belgravia effectively concedes that the Notice made it aware of the expert evidence issue (the Notice, in fact, was very clear). Thus, under the Rule, Belgravia had several weeks from when it purportedly learned of the expert evidence issue to serve Mr. Himmel's declaration. It did not do so.

To the extent Belgravia's argument may be interpreted as one under Rule 56(f)(2), that the Court granted summary judgment "on grounds not raised by a party" without "giving notice and a reasonable time to respond," such a contention is demonstrably false. Assuming *arguendo* that Belgravia's lack of evidence to make its case was not raised by the Parties,[2] the Court clearly gave "notice and a reasonable time to respond" on that subject. As discussed, the Court's Notice of Hearing on PolyNatura's summary judgment motion stated clearly that the Court was concerned about the issue of whether expert evidence was required on "commercially reasonable efforts" and, if so, where such evidence was in the record. Nearly the entirety of the hearing was devoted to those issues, with both Parties given ample time to argue and respond. Following the hearing, the Court permitted the Parties to file supplemental briefing and designations of evidence (and extended the deadlines to do so when requested). Both Parties submitted briefing

---

[2] The Court does not concede this. *See THI of N.M. at Valle Norte, LLC v. Harvey*, 527 F. App'x 665, 679-80 (10th Cir. 2013); *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620-21 (10th Cir. 1992); *Werner*, 2023 WL 639103, at *9.

and designations. Accordingly, Belgravia was given "notice and a reasonable time to respond" on the expert evidence issue, and was "on notice that [it] had to come forward with all of [its] evidence." *Johnson v. Weld County*, 594 F.3d 1202, 1214 (10th Cir. 2010); *cf. Lopez v. Stanley Black & Decker, Inc.*, 764 F. App'x 703, 713-14 (10th Cir. 2019) (affirming grant of summary judgment where issue was "discussed at length" at motion hearing and losing party "filed supplemental briefs that presented his arguments" on the issue).

Second, even if the Himmel Declaration were timely, the contentions therein were beyond the scope of Mr. Himmel's disclosure and, therefore, were not competent evidence. *See, e.g. Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-cv-00191-PAB-STV, 2021 WL 4441518, at *12 (D. Colo. Sep. 28, 2021) ("An expert's testimony . . . is limited to opinions properly disclosed pursuant to Rule 26 . . . ."). Mr. Himmel was timely disclosed as a hybrid fact/expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Summ. of Facts & Ops. of Sidney Himmel, ECF No. 176-2. Mr. Himmel's summary of facts and opinions stated that he "would offer opinion testimony regarding the value of the water and water rights owned by the Defendant." *Id.* at 1. Mr. Himmel provides a narrative of the facts that led to the development of the water resource and estimates the value of the water rights. *Id.* at 2-4. At no point does Mr. Himmel discuss industry standards for the marketing of such water rights as would elucidate "commercially reasonable efforts." The closest he comes is mention of "a number of commercial requests to acquire the rights" to the water. *Id.* at 3. But the fact that offers were made does not shed any light on how such offers ought to be solicited and evaluated. Belgravia faults PolyNatura for its decision not to depose Mr. Himmel, implying that, had PolyNatura done so, Mr. Himmel's expertise on commercially reasonable efforts would have

9

been made apparent. *See* Mot. at 2-3. But, conversely, PolyNatura's decision not to depose Mr. Himmel may well have been different had he been disclosed as an expert on that subject. He was not.

Belgravia's argument that the opinions encompassed in the Himmel Declaration "are all predicates to the opinion he expressed regarding the value" of the water rights in his summary, *id.* at 5, falls particularly flat given that *Mr. Himmel was not even one of the witnesses that Belgravia had previously identified as able testify as to commercially reasonable efforts*. At the hearing on December 4, the Court specifically asked Belgravia to identify any and all witnesses it alleged could testify on that matter. As memorialized in the Court's post-hearing order, Belgravia named Dr. William Turner, Tommy Cope, and Cody Lee[3]—not Sidney Himmel. *See* ECF No. 185. There was no mention of Mr. Himmel at all.

Finally, the Court again declines to permit Belgravia to reopen discovery to either supplement Mr. Himmel's expert disclosure or file other expert disclosures. As the Court stated in the Omnibus Order:

> Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)). The deadline for Belgravia to identify experts elapsed a year and a half ago on August 25, 2023, ECF No. 95, and the deadline for Belgravia to disclose the expert reports of those witnesses elapsed nine months ago, on April 7, 2024, *see* ECF No. 110 (setting deadline as seventeen days after the close of fact discovery); ECF No. 129 (extending fact discovery); ECF No. 130 (extending fact discovery). Discovery deadlines in this

---

[3] In its Motion, Belgravia states that "[b]ecause PolyNatura never deposed Mr. Himmel despite his disclosure as a fact and expert witness, there was no transcript that Belgravia could point to regarding the personal observations of Mr. Himmel that led to his expert opinion on valuation." Mot. at 10. The Court notes that Cody Lee also was not deposed, but was nevertheless named as potential witness on this topic (unlike Mr. Himmel) at the summary judgment hearing.

10

> case have been extended numerous times—eight, by the Court's count. *See* ECF Nos. 44, 65, 90, 93, 95, 110, 129, 130. The original deadline for all expert reports set forth in the parties' joint status report and discovery plan was August 19, 2022. ECF No. 33. Suffice it to say that Belgravia has had ample time to obtain and properly disclose expert testimony on the issue of commercially reasonable efforts and has not done so. Belgravia offers no explanation for its failure to timely disclose the necessary expert(s) and "has not shown that [it] made diligent efforts to meet the expert disclosure deadline." *Tesone*, 942 F.3d at 989. *See also, e.g.*, *Greater Hall Temple Church of God v. S. Mut. Church Ins. Co.*, 829 Fed. App'x 915, 919-20 (11th Cir. 2020) (enforcing expert discovery deadlines)

Omnibus Order at 28-29 (footnote omitted). The Court's reasoning and decision on the matter of extending scheduling order deadlines was not erroneous, clearly or otherwise.

Belgravia directs the Court to *Smith v. United States* for factors the Court ought to consider in deciding whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." Mot. at 6 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). "Courts have generally not treated a need for expert testimony as being significantly different from other reasons for reopening discovery." *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1286 (D.N.M. 2009).

Belgravia's balancing of these factors, Mot. at 6-7, is incorrect—only the first and sixth weigh in favor of opening discovery. The request is opposed. PolyNatura would likely be prejudiced, even if given the opportunity to designate its own expert, given the amount of time and effort it has already expended litigating this case, including in seeking discovery related to the only experts that Belgravia *did* previously designate. *See Skyline Potato Co. v. Tan-O-On*

11

*Mktg., Inc.*, 285 F.R.D. 617, 629 (D.N.M. 2012) ("Requiring the parties to spend additional time in discovery will result in additional financial burdens on the parties."); *Beebe v. Todd*, 2020 WL 3639734, at *3 (D.N.M. July 6, 2020). For many of the same reasons discussed in the Court's previous order, Omnibus Order at 28-29, Belgravia was not diligent in in obtaining discovery within the Court's guidelines—discovery deadlines were extended numerous times, giving Belgravia ample opportunity to designate an expert on the present issue. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) ("The record suggests that the plaintiffs did not make diligent use of the long period originally provided for discovery[.]"). On balance, the *Smith* factors weigh against Belgravia's request, and accordingly, the Court will not reopen discovery in this matter.

In sum, the Court's decision not to consider the Himmel Declaration in granting (in relevant part) PolyNatura's motion for summary judgment was not made in error, nor does the Court discern any other reason to reconsider its Omnibus Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF No. 203, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE