**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| BELGRAVIA HARTFORD GOLD ASSETS CORP., f/k/a INTERCONTINENTAL POTASH CORP., <br><br> Plaintiff, <br><br>      v. <br><br> POLYNATURA CORP., f/k/a INTERCONTINENTAL POTASH CORP. (USA), <br><br>          Defendant. | Case No. 2:21-cv-00918-MIS-JHR |

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(B)(1) FOR MOOTNESS**

## I.      INTRODUCTION

On December 23, 2025, Defendant PolyNatura Corp. ("**PolyNatura**") delivered to Plaintiff a cashier's check for the full $9,046.05 in costs that Plaintiff claims to have incurred for counsel's travel and time spent at the on-site inspections and on related document review prior to commencement of litigation. The Court has ruled that these are the only categories of damages that Plaintiff may recover if it prevails on its claim that PolyNatura breached the books and records provision in Section 7 of the parties' Royalty Agreement (the "**B&R Claim**").

Accordingly, PolyNatura now respectfully moves pursuant to Fed. R. Civ. P. 12(b)(1) that the Court dismiss the B&R Claim—the sole subject of the trial presently scheduled for February 17 and 18, 2026—as moot.  Because Plaintiff has now received the only damages to which it would be entitled if it prevailed at trial, there is no live case or controversy as regards

the B&R Claim.  Therefore, the Court lacks subject matter jurisdiction over, and must dismiss, the B&R Claim.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Disclosure of Damages Related to its Inspection Efforts

Plaintiff identified the damages it claimed in connection with its B&R Claim in the course of briefing on its unsuccessful motion for summary judgment on that claim.  In opposing that motion, PolyNatura argued, *inter alia,* that even if Plaintiff could prove a breach of its inspection rights, it had suffered no cognizable damages.  *See* PolyNatura's Response to Plaintiff's Motion for Partial Summary Judgment, ECF No. 156 at 16-17.

That prompted Plaintiff to proffer the Declaration of its principal, Mehdi Azodi, in which he identified, ***for the first and only time***,[1] the damages Plaintiff believed it had sustained relating to its B&R Claim.  Mr. Azodi testified to two categories of alleged damages: (i) the costs incurred in the course of its two on-site inspections; and (ii) the litigation expense incurred to prosecute its claims against PolyNatura.  He stated:

> Belgravia incurred legal fees and costs of $9,046.05 in connection with counsel's travel to Hobbs and New York and inspection of records made available at those locations. . . . .  Belgravia faced further significant legal costs from PolyNatura's failure to allow a full inspection, including the fees expended in this lawsuit.  Currently Belgravia has spent over $1,200,000 USD (roughly $1,600,000 Canadian dollars) in litigation caused by PolyNatura's actions.

Declaration of Mehdi Azodi, ECF No. 166-1, ¶ 4.[2]

---

[1] Plaintiff's initial disclosures did not identify these damages.  Instead, they referred generically to damages in amounts to be proven at trial but offered no specific computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).

[2] Mr. Azodi attached a partially redacted invoice from the Snell & Wilmer firm, dated July 16, 2021, to his Declaration as backup for Plaintiff's claimed $9,046.05 in inspection costs.  ECF No. 166-1 at 3-7.  The Snell & Wilmer firm was Plaintiff's initial counsel in this matter and drafted the original Complaint.  ECF No. 1 at 18.  Mr. Azodi highlighted the Snell & Wilmer invoice entries forming the basis of the $9,046.05 calculation, including items

**B.    Relevant Procedural History**

In its February 7, 2025 Omnibus Order (ECF No. 199), the Court denied the parties' cross motions for summary judgment on the B&R Claim but granted PolyNatura's motion for summary judgment dismissing with prejudice Plaintiff's principal claim, for damages of some $14.4 million for alleged breach of the Royalty Agreement's "commercially reasonable efforts" clause.  The Court subsequently scheduled the remaining B&R Claim for trial on February 17 and 18, 2026.

On October 16, 2025, PolyNatura moved *in limine* to preclude Plaintiff from introducing evidence at trial of either the claimed $9,046.05 in inspection costs or any attorneys' fees or costs incurred prosecuting its claims.  On December 19, 2025, the Court partially granted and partially denied that motion.  The Court ruled that PolyNatura's litigation costs were not recoverable as damages, but that its costs incurred to conduct its inspections were potentially recoverable.  ECF No. 242 at 22.  In the Court's words, Plaintiff was entitled to seek at trial its "fees paid to attorneys directly related to the supposed breach of § 7, including travel inspection fees and document-review fees billed prior to commencement of litigation."  *Id.*  Under that Order, the maximum amount Plaintiff could recover if it prevailed on the B&R Claim is the $9,046.05 Mr. Azodi set forth in the above-described Declaration.

Four days later, on December 23, 2025, PolyNatura paid the full $9,046.05 to Plaintiff via a cashier's check sent by Federal Express "without admitting any liability and purely in order

---

like "Review, inspect and scan documentation at Polynatura's office in Hobbs."  ECF No. 166-1 at 4.  While the invoice also shows a $13,486.10 balance outstanding for work previously performed, Mr. Azodi did not suggest that any other entries related to the inspection effort.  It appears that Snell & Wilmer were already developing a potential complaint against PolyNatura well before and independently of the inspections.

to save the parties and the Court the cost and effort of a trial" on the B&R Claim. Declaration of Paul S. Hong, ¶¶ 2-3.

## III.   ARGUMENT

The B&R Claim is now moot. Because PolyNatura has now paid the maximum amount a jury could award at trial, the B&R Claim no longer presents a live case or controversy and should therefore be dismissed for lack of subject matter jurisdiction.

### A.   Applicable Legal Principles

Under Fed. R. Civ. P. 12(b)(1), 12(h)(3), "[a] motion to dismiss . . . for lack of subject-matter jurisdiction can be made at any time." *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 n.3 (10th Cir. 2019) (rejecting argument that motion to dismiss for lack of subject matter was untimely because it was made for the first time on appeal).

A claim becomes moot when "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit," thereby eliminating the live case or controversy and divesting the federal court of jurisdiction for that claim. *Brown v. Buhman*, 822 F.3d 1151, 1165, 1169 (10th Cir. 2016) (citing *Campbell–Ewald Co. v. Gomez*, 577 U.S. 154, 160-161 (2016)) (holding constitutional challenge to law became moot where, among other things, prosecutor announced he would not prosecute plaintiff's alleged violations of that law); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 956-958 (10th Cir. 2021) (dismissing as moot claim for declaration regarding future union dues after plaintiff withdrew from union and ceased to owe union dues). "[M]ootness deprives federal courts of jurisdiction" and requires the federal court to dismiss. *Brown*, 822 F.3d at 1165; *Hendrickson*, 992 F.3d at 957 (holding courts "have no subject-matter jurisdiction if a case is moot").

**B.      PolyNatura's Payment of the Full Amount Recoverable Under the B&R Claim Moots that Claim**

Courts routinely hold that a defendant's payment of the full amount of a plaintiff's damages moots the plaintiff's claim.  *See Galinkin v. Safeco Ins. Co. of Am.*, 2022 WL 18777079, at *4 n.9 (D. Colo. Dec. 21, 2022) ("[P]ayment of the full amount of the benefits due under the contract essentially moots plaintiffs' claim for breach of contract."); *see also, e.g.*, *Weisman v. Barnes Jewish Hosp.*, 139 F.4th 945, 956-957 (8th Cir. 2025) (dismissing case as moot because counterclaim defendant's "tender of payment fully satisfied [counterclaim plaintiff's] request for compensatory damages"); *Jarrett v. United States*, 79 F.4th 675, 678-680 (6th Cir. 2023) (holding "[a]ctual payment . . . gives the plaintiff all the relief she could receive, and as a result it moots any claim for damage" and dismissing claim for tax refund after IRS refund check mooted case); *Watson v. Farmers Ins. Co.*, 23 F. Supp. 3d 1342, 1351 (N.D. Okla. 2014) (holding, where defendant insurer paid its policy limits in the middle of a breach action failure to pay on the policy, "defendant's payment of policy limits renders plaintiff's breach of contract claim moot").

The reasoning of these cases requires that the Court deny the B&R Claim as moot based on PolyNatura's payment of the maximum amount a jury could award Plaintiff if it found that PolyNatura had breached Plaintiff's inspection rights.  The Court must therefore dismiss Plaintiff's B&R Claim pursuant to Fed. R. Civ. P. 12(b)(1).

## IV.    CONCLUSION

For the reasons stated, PolyNatura respectfully requests that the Court dismiss Plaintiff's

remaining B&R Claim with prejudice.

Dated: December 23, 2025                                   Respectfully submitted,
       New York, New York


                                                          CHAFFETZ LINDSEY LLP


                                                    By:   */s/ Peter R. Chaffetz*
                                                          Peter R. Chaffetz
                                                          R. Matthew Burke

                                                          1700 Broadway, 33rd Floor
                                                          New York, New York 10019
                                                          Tel. (212) 257-6960
                                                          Fax (212) 257-6950
                                                          p.chaffetz@chaffetzlindsey.com
                                                          r.burke@chaffetzlindsey.com


                                                          Of Counsel:

                                                          John B. Draper
                                                          Matthew E. Draper
                                                          DRAPER & DRAPER LLC
                                                          150 Washington Avenue, Suite 201
                                                          Santa Fe, NM 87501

                                                          Tel. (505) 570-4590
                                                          john.draper@draperllc.com
                                                          matthew.draper@draperllc.com

                                                          *Attorneys for Defendant PolyNatura*

**CERTIFICATE OF SERVICE**

This is to certify that on December 23, 2025, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

_/s/ R. Matthew Burke_
R. Matthew Burke
Chaffetz Lindsey LLP
