IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELGRAVIA HARTFORD GOLD
ASSETS CORP.,

      Plaintiff,

v.                                                                    No. 2:21-cv-00918-MIS-JHR

POLYNATURA CORP.,

      Defendant.

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR
MOOTNESS**</u>

Plaintiff Belgravia Hartford Gold Assets Corp ("Belgravia"), by counsel, submits this response in opposition to Defendant PolyNatura Corp.'s ("PolyNatura") Motion to Dimiss Pursuant to Fed.R.Civ.P. 12(B)(1) for Mootness (ECF No. 244), (the "Motion"). For the reasons set forth below, the Motion should be denied.

## I.      Introduction

PolyNatura's eleventh-hour tender of damages, without a judgment on liability, does not moot Belgravia's claim for breach of the inspection provisions of the Royalty Agreement. There is no mootness unless or until liability is determined. Proceeding to final judgment on Belgravia's claim under the inspection provisions of the Royalty Agreement is an important aspect that remains outstanding.

PolyNatura's tender is a thinly-veiled effort to avoid liability simply so it can take the same action again. The tender was expressly made without admitting liability, leaving live disputes regarding whether PolyNatura's breach was willful and in bad faith, and does not afford complete relief, including punitive damages. The case should proceed to trial.

1

## II.    Argument

### a.  Legal Authority

"The party arguing in favor of mootness due to its discontinued conduct bears the burden to show the case is moot." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 878 (10th Cir. 2019). "An action is not moot if a plaintiff has 'a concrete interest, however small, in the outcome.'" *Id.* at 880 citing *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307-08, (2012).  Here, Belgravia has an interest in determining liability both for purposes of the prevailing party issues and for punitive damages.

Separately, the tender of damages is akin to voluntary cessation cases because while the initial harm may be paid for, the Royalty Agreement remains in force and absent a finding of liability, PolyNatura may simply repeat its breach over and over again by denying Belgravia its rights to inspect records relating to PolyNatura's efforts to market the water and minerals.  A case is not moot where the defendant's voluntary actions do not provide complete relief or where disputes over liability remain and adjudication provides meaningful relief. "This rule is designed to prevent gamesmanship. If voluntary cessation automatically mooted a case, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends. . . . A defendant's voluntary cessation may moot a case, however, if the defendant carries the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (cleaned up).  This is exactly what PolyNatura seeks to do here and cannot meet that burden.

Unlike *Brown*, *Campbell–Ewald Co. v. Gomez,* 577 U.S. 154, (2016) or *Hendrickson v. AFSCME Council 18,* 992 F.3d 950, (10th Cir. 2021), where the parties agree that complete relief

has been afforded, disputes over liability remain and adjudication will provide meaningful relief. Unlike insurance or tax refund cases where payment fully resolves the dispute, this case involves ongoing contractual rights under the Royalty Agreement. In addition to issues of punitive damages and collateral issues like awards of prejudgment interest, costs, and attorneys fees, a judicial determination of whether PolyNatura breached the inspections provision could affect future compliance with inspection rights.  All of these issues are things that the Court could resolve through entry of judgment, meaning the case is not moot.

Finally, assuming *arguendo* that any dismissal is appropriate (it is not), PolyNatura's request for dismissal with prejudice is improper.  At best, PolyNatura's tender would lead to dismissal without prejudice; however, even that is improper.  Rather, judgment should be entered in Belgravia's favor and the Court determine that the judgment has been satisfied, at least as to compensatory damages, meaning that Belgravia prevails on this claim.

### b.  A Live Controversy Remains Over Liability.

PolyNatura's transmittal of the check expressly states it was made "without admitting any liability," and with a reservation of rights. This express disclaimer underscores that PolyNatura continues to dispute breach and fault—issues for the jury—and that judicial resolution remains necessary. A payment that avoids admitting liability does not extinguish the controversy.  Thus, without going any further than the face of the tender, it is clear that Belgravia has a concrete interest in the outcome of the proceeding.

This is especially true because PolyNatura seeks to declare that it is the prevailing party in this litigation.  There are two claims in this litigation: the claim for breach of the efforts to market the water (which the Court dismissed on procedural grounds) and the claim for the breach of the inspection provision.  PolyNatura seeks to use the Motion as a tactic to avoid liability for this

3

second claim, thus paving the way for an argument that it prevailed.  This is improper. Belgravia plainly has an interest in finding PolyNatura liable for breaching the Royalty Agreement.  The motion assumes—improperly—that complete relief has been afforded despite the fact that Belgravia has been denied entry of judgment on liability.  This is sufficient to show there is no mootness.

### c.  A Live Controversy Remains Over Punitive Damages.

Although the Court has limited Belgravia's right to compensatory damages, punitive damages remain available to Belgravia if it can show that PolyNatura's breach was willful or in bad faith. *See* NM-UJI 13-861. "[A]n award of punitive damages in a breach-of-contract case must be predicated on a showing of bad faith, or at least a showing that the breaching party acted with reckless disregard for the interests of the nonbreaching party." *Paiz v. State Farm Fire & Cas. Co.* 880 P.2d 300, 307 (N.M. 1994). "The courts of New Mexico do not distinguish between tort and contract in the application of punitive damages." *Hood v. Fulkerson*, 699 P.2d 608, 611 (N.M. 1985). "New Mexico recognizes that, although punitive damages are not normally available for a breach of contract, a plaintiff may recover punitive damages when a defendant's breach was malicious, fraudulent, oppressive, or committed recklessly with a wanton disregard for the plaintiff's rights." *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1238 (D.N.M. 2019), aff'd, No. 19-2073, 2021 WL 4979300 (10th Cir. Oct. 27, 2021) (citations omitted). PolyNatura's unilateral payment that denies liability does not, and cannot, satisfy punitive relief designed to punish and deter willful misconduct. Belgravia has an interest in pursuing this claim to the jury and determining whether PolyNatura's actions—where a board member of the parent corporation who made all decisions without even involving the CEO—meet the requirement for punitive damages. The controversy therefore remains live.

### d. Even if Damages are not at Issue, PolyNatura's Tender Does Not Moot the Case Because It Was Voluntary, Conditional, and Disputed.

As set forth above, PolyNatura's tender is akin to cases involving voluntary cessation because PolyNatura may continue to breach Belgravia's inspection rights unless it is determined to be liable. Voluntary cessation principles bar dismissal for mootness where the defendant remains free to deny fault and the challenged conduct bears collateral consequences. To defeat this argument, PolyNatura must overcome a heavy burden.

PolyNatura's tender payment was a unilateral act, expressly framed as a cost-saving measure, without admission, and with rights reserved. This is especially true because the tender has not been accepted, in large part because Belgravia has not received the one thing it seeks: a judgment. The Court retains subject matter jurisdiction to enter judgment in Belgravia's favor. Unlike the cases cited in the Motion, the parties plainly disagree that the plaintiff—Belgravia—has received the relief it is entitled to. The rule against voluntary cessation "is designed to prevent gamesmanship." *Brown*, 822 F.3d at 1166. There can be no doubt that gamesmanship is exactly what PolyNatura is up to. Only on the eve of trial has PolyNatura elected to pursue this course of action and it does so without actually admitting any wrongdoing. This is exactly the type of activity this rule is designed to stop.

### III. Alternative Solution

Belgravia admits that costs could be saved by accepting the tender (which it has not done), but only if the Court stops the gamesmanship. If the Court concludes the compensatory component is satisfied, it should enter judgment on liability and compensatory damages (which would be satistfies) and set punitive damages for trial, rather than dismissing for mootness. That solution will expedite trial because it will focus solely on PolyNatura's mental state when it breached the Royalty Agreement and, of course, a jury will need to hear evidence of the amount necessary to

deter such bad actions by PolyNatura (and its owners) in the future. This solution provides complete relief and preserves the jury's role on willfulness, while limiting the scope of trial.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny the Motion. In the alternative, the Court should enter judgment for Belgravia as to compensatory damages in the amount tendered and proceed to trial on punitive damages.

Respectfully submitted,

MODRALL, SPERLING, ROEHL,
   HARRIS & SISK, P.A.

By: */s/ Spencer L. Edelman*
   Spencer L. Edelman
   Santiago Piza Cossio
   P.O. Box. 2168
   Albuquerque, NM 87103-2168
   Telephone: (505) 848-1800
   spencer.edelman@modrall.com
   santiago.pizacossio@modrall.com

*Attorneys for Plaintiff Belgravia Hartford Gold Assets Corp.*

WE HEREBY CERTIFY that on this 6th day of January, 2026, we filed the foregoing electronically through the CM/ECF system, which caused all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL,
   HARRIS & SISK, P.A.

By: */s/ Spencer L. Edelman*
   Spencer L. Edelman

## CERTIFICATION OF COUNSEL

Pursuant to the Court's Standing Order Establishing Disclosure and Certification Requirements for Generative Artificial Intelligence, I, Spencer L. Edelman, counsel for Belgravia hereby certify that in connection with the preparation of this Thomson Reuters' CoCounsel, a generative artificial intelligence tool, was utilized. I further certify that I have verified the accuracy of the contents of the filing.

MODRALL, SPERLING, ROEHL,
    HARRIS & SISK, P.A.

By: */s/ Spencer L. Edelman*
    Spencer L. Edelman

W5541829.DOCX