**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BELGRAVIA HARTFORD GOLD ASSETS CORP.,

    Plaintiff,

v.                                                          No. 2:21-cv-00918-MIS-JHR

POLYNATURA CORP.,

    Defendant.

**<u>ORDER OF SANCTIONS AGAINST DEFENSE COUNSEL FOR FAILURE TO OBEY A SCHEDULING OR PRETRIAL ORDER</u>**

In accordance with Fed. R. of Civ. P. 16(f), the Court hereby sanctions Defense Counsel $2,000 for failure to adhere to pretrial conference deadlines without good cause. District Courts are authorized by Fed. R. of Civ. P. 16(f) to sanction parties who are "substantially unprepared to participate – or do[] not participate in good faith – in the conference" or who "fail[] to obey a scheduling order or other pretrial order." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8 (1991). The purpose of this rule "is twofold: (1) to insure efficient case management and disposition and (2) to compensate opposing parties for the inconvenience and expense resulting from an adversary's noncompliance with these objectives." *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990) (citation omitted). Under Rule 16(f), "neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions." *Id.* (citation omitted). The standard of review is an abuse of discretion. *Blackburn v. Webb*, No. 24-6206, 2025 WL 1341186, at *1 (10th Cir. May 8, 2025).

The Court set the trial document filing deadlines in its Jury Trial Order, issued on September 23, 2026. ECF No. 236. Defense and Plaintiff's Counsels failed to meet every deadline except for Defendant's Objections to Plaintiff's Designations of Deposition Testimony, ECF No. 247, and both Parties' witness lists, ECF Nos. 245 and 246. One day prior to the Pretrial Conference, the Court issued an order to Show Cause as to why both Parties "should not be subject to sanctions for having missed numerous trial submission deadlines," ECF No. 265, then canceled the Pretrial Conference, ECF No.

1

269. The Court held an in-person hearing on Defendant's Motion to Dismiss, ECF No. 254, at the time previously allotted for the Pretrial Conference, Clerk's Mins. For Hr'g of Feb. 3, 2026, ECF No. 276.

At the hearing, Plaintiff's Counsel apologized to the Court for missing the Pretrial Conference deadlines, took responsibility, and explained both he and his wife were ill during and following the holidays, causing him to miss the deadlines. Tr. of Hr'g of Feb. 3, 2026 at 29:2-8.[1] The Court accepts Plaintiff's circumstances as sufficient cause for missing the pretrial conference deadlines.

Conversely, Defense Counsel's only excuse for missing the deadlines was, "[w]e worked cooperatively with [P]laintiff. Any time he sent me something, I tried to get it back to him. It's [P]laintiff's job to get this case to trial. We worked as best we could to get it done." *Id.* at 30:16-19. This fails to adequately explain why Defense Counsel failed to file his exhibit list on time, failed to provide the Court with an exhibit binder on time, failed to provide the Court with a proposed verdict form on time, failed to provide the Court with proposed jury instructions on time, and failed to alert the Court as to why Defense Counsel was missing deadlines. *See generally* Jury Trial Order, ECF No. 236. Although each deadline requires coordination between the Parties, Defense Counsel still has a responsibility to meet his deadlines or, if unable to do so, alert the Court as to why.

As both Parties missed pretrial deadlines, the Court finds that a sanction compensating the opposing party is inappropriate. *See Singleton*, 913 F.2d at 831. In the District of New Mexico, parties are generally fined $100 per day for missing Settlement Conference deadlines. *Balderrama v. Woods Insurance Service, Inc.*, No. 2:25-cv-0602-GJF-DLM, Order Setting Settlement Conference at 4, ECF No. 24 (D.N.M. 2025). As most deadlines were on January 13, 2026, *see generally* Jury Trial Order, ECF No. 236, and the hearing was held on February 3, 2026, Clerk's Mins. For Hr'g of Feb. 3, 2026, ECF No. 276, Defense Counsel was 20 days late. The Court finds $2,000 to be the appropriate fine.

---

[1]    Neither party ordered the transcript. The Court cites to the Court reporter's original rough draft of the hearing transcript. Any final transcript may contain slightly different page and/or line numbers.

As Defense Counsel failed to show good cause as to why he failed to adhere to Pretrial Conference deadlines,

**IT IS HEREBY ORDERED** that Defense Counsel is sanctioned under Fed. R. of Civ. P. 16(f) for failing to obey a scheduling order or pretrial order and shall pay $2,000 to the Clerk of the District Court of New Mexico within two (2) weeks of the issuance of this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE