**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| BELGRAVIA HARTFORD GOLD ASSETS CORP., f/k/a INTERCONTINENTAL POTASH CORP., <br><br> Plaintiff, <br><br> v. <br><br> POLYNATURA CORP., f/k/a INTERCONTINENTAL POTASH CORP. (USA), <br><br> Defendant. | Case No. 2:21-cv-00918-MIS-JHR |

## <u>DEFENDANT'S MOTION FOR A SECURITY BOND</u>

**I.     Introduction**

PolyNatura respectfully moves the Court for an order directing Plaintiff to post a bond in the amount of $4,700,000 to secure its recovery of prevailing party costs and attorneys' fees as requested in its April 20, 2026 PolyNatura fees application.  ECF No. 289.

The Court has intrinsic power to require such a bond, and the need to do so is manifest. There is every reason to believe that Plaintiff will not voluntarily comply with a cost and fee award.  Yet, Plaintiff, a Canadian corporation, has ***no known assets***.[1]  Enforcement, therefore, would likely require proceedings in Canada against its Canadian parent company.  While that company's most recently filed financial statements reflect assets sufficient to meet Plaintiff's

---

[1] *See* Declaration of R. Matthew Burke ("**Burke Decl.**") ¶ 3.

obligation,[2] it holds those assets in the form of cryptocurrency that will likely be impossible to levy against.[3]

Two recent developments underscore the need for security.  First, as reflected in its May 20, 2026 opposition to PolyNatura's costs and fees application, Plaintiff now intends to turn that motion into yet another plenary litigation with expert depositions and testimony.  *See* Plaintiff's Response to Motion for Costs and Attorneys' Fees, ECF No. 299 at 7; Burke Decl. ¶ 4.

Second, at the same time Plaintiff is working relentlessly to prolong this five-year-old case, it has also started a new litigation against PolyNatura in New Mexico state court.  That new complaint, filed on April 17, 2026, asserts the same legal theories that have failed here.  *See* Burke Decl. ¶ 5 & Ex. 1.

The Court should not allow Plaintiff to invoke the Royalty Agreement to impose never-ending litigation burden on PolyNatura and yet avoid its own obligation under that agreement to repay the cost its meritless claims have imposed.  The security requested is reasonable and necessary to protect PolyNatura from this otherwise inevitable abuse.

---

[2] Belgravia Form 5A, Annual Listing Summary and 2025 Financial Statements for the Years Ended December 31, 2025 and 2024, at 14, 26-28 (Apr. 30, 2026), *available at* https://webfiles.thecse.com/CSE_Form_5A_Annual_Summary_for_year-end_2025.pdf?7EBRBezow5Nx1ixpje3jJCveQcRjQPsq ("**2025 Annual Report**").

[3] Andrew Balthazor, *The Challenges of Cryptocurrency Asset Recovery* 13 FIU L. Rev. 1207, 1219 (2019) ("Prior to judgment there is a risk that a defendant may attempt to judgment-proof themselves, preventing enforcement of a judgment debt by concealing or transferring digital assets in such a way that may make the cryptocurrency difficult to locate after a court enters judgment.")  *See also id.* at 1207-1210 ("Bitcoin has many features that serve to remove it from the sphere of control of government. . . no outside force can take bitcoins from an owner who maintains integrity of their ownership.").

## II.     Argument

### A.     The Court has Inherent Authority to Require a Bond

Federal courts have the power to require security for costs and fees.  In the words of the Seventh Circuit:

> [T]he power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid.  So if there is reason to believe that the prevailing party will find it difficult to collect its costs, the court can require the posting of a suitable bond.

*Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993).

This Court has itself recognized that "[f]ederal courts may require . . . bonds as an exercise of [their] inherent authority."  *Gudmundsson v. Julies Aircraft Serv., Inc.*, 2004 WL 7337837, at *3 (D.N.M. Aug. 23, 2004) (ordering plaintiff to post a bond to cover *anticipated costs* of impending discovery); *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 2024 WL 1416577, at *2 (D. Utah Apr. 1, 2024) (ordering plaintiff to post a $250,000 bond for *anticipated costs* and attorneys' fees, pursuant to the court's inherent authority).

As those two cases reflect, courts have required the posting of security at the early stages of litigation for *anticipated, future* prevailing party costs and fees.  *See also Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, 2023 WL 2465972, at *9 (C.D. Cal. Mar. 9, 2023) (requiring $750,000 bond to cover potential prevailing party attorneys' fee award); *Crytek GmbH v. Cloud Imperium Games Corp.*, 2019 WL 4149337, at *4 (C.D. Cal. July 22, 2019) (same for $500,000).  The case for such relief is necessarily stronger here, where the Court's final judgment dismissing all of a plaintiff's claims has crystallized PolyNatura's right to recover.

### B.      All Relevant Factors Support the Posting of Security Here

In evaluating a request for a security bond, courts generally consider three factors: (1) the risk of nonpayment, (2) the merits of the underlying case, and (3) the reasonableness of the bond requested.  *Gudmundsson*, 2004 WL 7337837 at \*4-5 (factors to consider in imposing a bond include "ability to pay, presence within the United States, merit of the underlying claims" and the "amount of the bond"); *see also In re Application of Michael Wilson & Partners*, 2009 WL 1193874, at \*8 (D. Colo. Apr. 30, 2009) ("[Under] federal law, a cost bond may be appropriate when the claims presented are of dubious merit, the plaintiff lacks financial responsibility, or the defendant will incur substantial expense"); *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 2024 WL 1416577, at \*1-2 (D. Utah Apr. 1, 2024) (granting bond for attorneys' fees expected to be incurred where movants were entitled to recover costs and attorneys' fees and ability to collect was in doubt).

Each of these factors supports requiring Plaintiff to post a bond for $4,700,000.

### 1.      Absent Security, This Court's Judgment Will Likely be Unenforceable

***Plaintiff is a Foreign Corporation with No Known Assets.***  Standing alone, Plaintiff's status as a Canadian company (Second Amended Complaint, ECF No. 67 ¶ 1) with no assets in New Mexico supports the requested security.  *See Gudmundsson*, 2004 WL 7337837, at \*4 (ordering plaintiffs domiciled in Iceland to post a bond because, "without security, a prevailing defendant would ordinarily have no means of satisfying the judgment for costs in his favor"); *see also Selletti v. Carey*, 173 F.3d 104, 112 & n.11 (2d Cir. 1999) ("[A] significant consideration in the decision whether to impose a security requirement is whether the party in question is a non-

resident or foreign corporation."").  Here, Plaintiff is not only without assets in the state; we have found no evidence that it has any assets at all.  Burke Decl. ¶ 3.

Absent security, PolyNatura will have no alternative but to instruct counsel in Ontario to enforce the Court's judgment against Plaintiff's Canadian parent, Belgravia Hartford Capital Inc.  However, that entity is also effectively judgment proof, because, based on its most recently filed financial statements, its only material asset is $8,350,196 Canadian (~US$6,084,000) in cryptocurrency.[4]  Cryptocurrency can readily be put beyond the reach of creditors.[5]  Therefore, without a bond, the Court's costs and attorneys' fees award will likely be unenforceable.

***Plaintiff Is Likely to Resist Enforcement.***  The way Plaintiff has prosecuted this case all but guarantees that it will resist enforcement of this Court's costs and fees award.  For example, Plaintiff has faced obvious exposure to prevailing party fee shifting since February 5, 2025, when the Court dismissed its main CRE Claims.  Rather than work with PolyNatura to find a commercial resolution of the remaining dispute, Plaintiff worked with contingency fee counsel[6] and pulled out all stops to prolong the litigation for more than a year and tried to force a jury trial on its $9,046.05 B&R Claim.  Its ever-shifting damages theories and multiple frivolous motions further illustrate its determination to make litigation cost and burden an end in itself.  Currently it

---

[4] 2025 Annual Report, *supra* note 2 at 14, 26-28.

[5] Balthazor, *Cryptocurrency Asset Recovery*, *supra* note 3 at 1219.

[6] Plaintiff disclosed last year in its parent's public securities filings that it has "reduced" the cost of litigating this matter by hiring "a new firm . . . on a contingency basis."  *See* Belgravia Form 5A, Annual Listing Summary and 2024 Financial Statements for the Years Ended December 31, 2024 and 2023, at 7 (Apr. 29, 2025), *available at* https://webfiles.thecse.com/CSE_Form_5A_-_Annual_Summary_for_year-end_2024.pdf?1mvco JP1HUkO.QmSOuxg7ZjuaQVuSARK.

PolyNatura believes Plaintiff's contingency counsel is Mary Nikezic of Zarco Einhorn Salkowski, P.A., who appeared at the April 23, 2025 and February 2, 2026 settlement conferences before Judge Ritter (ECF Nos. 204 & 267) and who brought the new action against PolyNatura and its affiliates in New Mexico state court.  *See* Burke Decl. Ex. 1.

is: (i) pressing a frivolous motion for reconsideration (ECF No. 288); (ii) seeking to turn PolyNatura's costs and fees application into a battle of experts (ECF No. 299 at 7; Burke Decl. ¶ 4); and (iii) prosecuting a "do-over" of the entire litigation process in its new state court action (Burke Decl., Ex. 1).

If Plaintiff respected its obligation and intended to repay prevailing party legal expense, it would not continue its strategy of needlessly maximizing PolyNatura's litigation burden.  This reinforces the need for a bond.  *See Banque Internationale Luxembourg v. Dacotah Cos.*, 413 N.W.2d 850, 853-54 (Minn. Ct. App. 1987) (bond appropriate where plaintiff put up barriers to hinder satisfaction of judgment).

### 2.    Lack of Merit

Courts recognize that the weakness of a plaintiff's case "weigh[s] in favor of imposing the bond requirement." *Gudmundsson*, 2004 WL 7337837 at *4; *see also Soo Hardwoods, Inc. v. Universal Oil Products Company*, 493 F. Supp. 76, 78 (W.D. Mich. 1980) (granting bond where antitrust plaintiff alleged practices which were likely the result of lawful competition). Here, the Court has now ruled Plaintiff's claims are without merit and dismissed them with prejudice.  That dismissal has, in turn, crystallized PolyNatura's right to recover prevailing party fees and costs.  These circumstances weigh heavily in favor of a bond.

### 3.    A Bond for $4,700,000 is Reasonable

It is reasonable to require Plaintiff to secure the entire amount that PolyNatura claims in its costs and fees application.  *See Suzhou Angela Online Game Tech.*, *supra,* 2023 WL 2465972 at *8-9 (requiring $750,000 bond for 100% of projected attorneys' fees allocable to claim for

which fees were recoverable).  Here PolyNatura's costs and fees are actual, not projected, and its prevailing party status is now certain.

The Court should require security for the full amount PolyNatura claims because, as shown, any amount the Court awards that is not secured will likely be unrecoverable.  In contrast, should the Court reduce PolyNatura's claim, any excess security will flow directly back to Plaintiff.  Furthermore, the cryptocurrency holdings of Plaintiff's parent company substantially exceed the amount of security PolyNatura seeks.  Those holdings are, by definition, liquid and available to satisfy the Court's security requirement.  Yet, absent security, they are likely beyond the reach of PolyNatura's efforts to enforce the Court's final award.

## III.    Conclusion

This dispute arises from a contract in which nearly all ongoing obligations fall on PolyNatura.  That asymmetry of performance obligations creates a parallel asymmetry in litigation exposure, which Plaintiff has exploited to the fullest.  The fee shifting provision, by requiring Plaintiff to bear the cost of unmeritorious litigation, provides a critical protection against that asymmetric exposure.  Therefore, a bond is necessary to ensure that PolyNatura receives the contractual benefit it bargained for.  PolyNatura respectfully requests that the Court grant this motion and order Plaintiff to post a bond in the amount of $4,700,000 issued by a surety with an A.M. Best rating of "A" or greater.

Dated: May 21, 2026                                      Respectfully submitted,
      New York, New York

                                       CHAFFETZ LINDSEY LLP

                                       By:  */s/ Peter R. Chaffetz*

7

Peter R. Chaffetz
R. Matthew Burke

1700 Broadway, 33rd Floor
New York, New York 10019
Tel. (212) 257-6960
Fax (212) 257-6950
p.chaffetz@chaffetzlindsey.com
r.burke@chaffetzlindsey.com


Of Counsel:

John B. Draper
Matthew E. Draper
DRAPER & DRAPER LLC
150 Washington Avenue, Suite 201
Santa Fe, NM 87501

Tel. (505) 570-4590
john.draper@draperllc.com
matthew.draper@draperllc.com

*Attorneys for Defendant PolyNatura*

**CERTIFICATE OF SERVICE**

This is to certify that on May 21, 2026, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

　　　　　　　　　　　　　　　　　　　　*/s/ R. Matthew Burke*
　　　　　　　　　　　　　　　　　　　　R. Matthew Burke
　　　　　　　　　　　　　　　　　　　　Chaffetz Lindsey LLP

**CERTIFICATION OF COUNSEL**

Pursuant to the Court's Standing Order Establishing Disclosure and Certification Requirements for Generative Artificial Intelligence, I, R. Matthew Burke, counsel for PolyNatura, hereby certify that in connection with the preparation of this filing, Harvey AI, a generative artificial intelligence tool, was utilized. I further certify that I have verified the accuracy of the contents of the filing.

　　　　　　　　　　　　　　　　　　　　*/s/ R. Matthew Burke*
　　　　　　　　　　　　　　　　　　　　R. Matthew Burke
　　　　　　　　　　　　　　　　　　　　Chaffetz Lindsey LLP