IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELGRAVIA HARTFORD GOLD ASSETS CORP.,
f/k/a IC POTASH CORP.,

      Plaintiff,

v.                                                    Civ. No. 2:21-cv-00918-MIS-JHR

POLYNATURA CORP., f/k/a
INTERCONTINENTAL POTASH CORP.,

      Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR A SECURITY BOND**

THIS MATTER is before the Court on Defendant PolyNatura Corp.'s ("PolyNatura" or "Defendant") Motion for a Security Bond ("Motion"), ECF No. 300, filed May 21, 2026. On May 29, 2026, Plaintiff Belgravia Hartford Gold Assets Corp. ("Belgravia" or "Plaintiff"), filed a Response. ECF No. 301. On June 8, 2026, Defendant filed a Reply. ECF No. 306. The Motion is ripe for consideration. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY Defendant's Motion.

**I. Background**

The present dispute centers on the development of a polyhalite mine in Lea County, New Mexico. Second Am. Compl. & Jury Demand ("Second Am. Compl.") ¶¶ 5, 14, ECF No. 67. Two water wells were drilled for projected use in the mining project. *Id.* ¶ 14. Over time several investors fought for control of PolyNatura, the entity that owns the rights to extract the minerals and the interests in the Water. *Id.* ¶¶ 14, 17. Lengthy litigation resulted in a 2017 settlement in which the entity now known as Belgravia renounced ownership and control of PolyNatura in exchange for two cash payments and royalties. *Id.* ¶ 17.

1

To fulfill the royalty portion of the settlement, the Parties entered into a Royalty Agreement ("Agreement"). *Id.* ¶ 5. The Agreement is governed by the laws of the State of New Mexico. § 9.g., ECF No. 137-8. The Agreement provides that "[i]n any dispute arising out of or relating to this Agreement, the prevailing Party shall be entitled to recover from the other Party court costs and reasonable attorneys' fees." *Id.*

After several years of no revenues passing to Plaintiff under the Agreement, Plaintiff sued Defendant. *See generally* Second Am. Compl., ECF No. 67. The Court granted summary judgment to Defendant on three of the four claims and dismissed the last claim. Omnibus Order at 39, ECF No. 199; Order Granting Def.'s Mot. to Dismiss at 21, ECF No. 286.

After final judgment, ECF No. 287, Defendant filed a Motion for Costs and Attorneys' Fees asking the Court to name it the prevailing party under New Mexico law and seeking costs and attorneys' fees as provided for in the Agreement. ECF No. 289.

Prior to the resolution of its Motion for Costs and Attorneys' Fees, Defendant filed the instant Motion requesting the Court to order "Plaintiff to post a bond in the amount of $4,700,000 to secure [Defendant's] recovery of prevailing party costs and attorneys' fees as requested" in Defendant's Motion for Costs and Attorneys' Fees. ECF No. 300 at 1.

Defendant argues there is "manifest" need for the Court to order Plaintiff to post a bond for 99.97% of the amount sought by Defendant in its Motion for Costs and Attorneys' Fees. *Id.*; ECF No. 289 at 1. Defendant argues this is so because "Plaintiff, a Canadian corporation, ***has no known assets***." Mot. at 1, ECF No. 300 (emphasis in original). Defendant fears enforcement of a judgment in its favor will require "proceedings in Canada against [Plaintiff's] parent company . . . [whose] assets in the form of cryptocurrency . . . will likely be impossible to levy against." *Id.* at 1-2.

Defendant does not explain why a bond would reduce this risk or make it more likely Defendant would recover, but instead argues the Court should grant one because (1) "Plaintiff now intends to turn [Defendant's Motion for Costs and Attorneys' Fees] into yet another plenary litigation with expert depositions and testimony" and (2) Plaintiff "has started a new litigation against [Defendant] in New Mexico state court."[1] *Id.* at 2. Defendant believes, without apparent justification, that a bond will "protect [Defendant] from this otherwise inevitable abuse." *Id.*

In support, Defendant argues that federal courts have inherent authority to require such bonds and points out that other courts have "have required the posting of security at the early stages of litigation for *anticipated, future* prevailing party costs and fees." *Id.* at 3. (emphasis in original) (citations omitted).

Defendant argues the following factors support "requiring Plaintiff to post a bond for $4,700,000:" "(1) the risk of nonpayment, (2) the merits of the underlying case, and (3) the reasonableness of the bond requested" *Id.* at 4 (citing *Gudmundsson v. Julies Aircraft Serv., Inc.*, No. CV 03-1386 WJ/KBM, 2004 WL 7337837, at *4-5 (D.N.M. Aug. 23, 2004)).

As to the risk of non-payment, Defendant first asserts that Plaintiff's "status as a Canadian company . . . with no assets in New Mexico supports the requested security." *Id.* at 4-5 (citations omitted). Defendant speculates that Plaintiff has no "assets at all" and claims that "[a]bsent security, [Defendant] will have no alternative but to instruct counsel in Ontario to enforce the Court's judgment against Plaintiff's Canadian parent" whom Defendant fears is "judgment proof" because its holdings are in cryptocurrency. *Id.* at 5. Defendant also asserts that "the way Plaintiff

---

[1]    Plaintiff is suing Defendant in New Mexico state court based on Defendant allegedly allowing the Easement which facilitated operation of the water wells to expire without consultation with or notification of Plaintiff in contravention of the Agreement. New Mexico State Court Complaint ¶ 2, ECF No. 300-2 at 7.

has prosecuted this case all but guarantees that it will resist enforcement of this Court's costs and fees award." *Id.*

As to the merits of the case, Defendant argues that "the Court has now ruled Plaintiff's claims are without merit." *Id.* at 6.

And as to the reasonableness of the bond requested, Defendant asserts "[i]t is reasonable to require Plaintiff to secure the entire amount that [Defendant] claims in its costs and fees application" since Defendant's "costs and fees are actual, not projected, and its prevailing party status is now certain." *Id.* at 6-7 (citation omitted).

Plaintiff makes several arguments in response. First, Plaintiff argues that many of the cases cited by Defendant are inapplicable because they deal with costs, not attorneys' fees, or arise under California state law or local district court requirements. Resp. at 2-6, ECF No. 301. Plaintiff also argues that a bond is inappropriate before the Court adjudicates Defendant's Motion for Costs and Attorneys' Fees. *Id.* at 6-7. Third, Plaintiff argues that the factors listed by Defendant do not apply here and, furthermore, that if they did apply, (i) Defendant "does not identify any evidence or conduct showing that [Plaintiff] would evade an eventual fee award if one is entered," *id.* at 8, (ii) "generalized concerns about cryptocurrency does not establish collection risk," *id.* at 9, (iii) Plaintiff's litigation conduct is not indicative of collection risk, *id.* at 9-10, (iv) Defendant improperly characterizes Plaintiff claims as "meritless," *id.* at 10-11, and (v) a $4.7 million bond is "unreasonable and disproportionate," *id.* at 11-12. Finally, Plaintiff argues that a bond is not necessary to "preserve the benefit of the parties' fee-shifting provision." *Id.* at 12-13.

Defendant largely repeats itself in its reply. *See* Reply at 2-4, ECF No. 306. Defendant argues Plaintiff offers "no assurance that it intends to perform its contractual obligation or pay any

forthcoming judgment" and "identifies no assets against which [Defendant] could execute to satisfy that likely judgment." *Id.* at 3.

## II.  Legal Standard

"There is no statute or rule which specifically authorizes a federal court to require the posting of a bond to secure the payment of costs to a party should that party prevail." *Gudmundsson*, 2004 WL 7337837, at *3 (citing *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993); 10 *Wright, Miller & Kane, Federal Practice & Procedure*, Civil 2d § 2671 (1998) ("Whether plaintiff may be required in order to proceed with an action to post security for the costs the opposing party may incur is not covered by Rule 54(d). Indeed, there is no general federal statute or civil rule governing the matter.") (footnote omitted).

"[F]ederal courts may require such bonds as an exercise of its inherent authority." *Id.* (citing *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987); *Gainey v. Brotherhood of Ry. and S. S. Clerks, Freight Handlers, Exp. and Station Emp.*, 34 F.R.D. 8, 12 (E.D. Pa., 1963); *Anderson*, 998 F.2d at 496; *Wright, Miller & Kane, Fed. Practice & Procedure*, § 2671 (trial courts "may regulate their practice in any manner not inconsistent with" federal civil rules)).

"In the absence of a federal rule or state, or local rule dealing with the posting of a bond in this situation, the Court may look to law of the forum state, i.e., New Mexico, for guidance." *Id.* (citing *Merrill Lynch Relocation Mgmt.*, 812 F.2d at 1121).[2]

Courts in New Mexico have discretion to require parties to post a security bond. *See Lebeck, State ex rel., v. Chavez*, 113 P.2d 179, 186 (N.M. 1941).

---

[2]    The Local Rules of Civil Procedure for the District of New Mexico do not address bonds after final judgment except regarding appeal, in which case "[t]he Court may require an appellant to file a bond or provide other security in a form and amount necessary to ensure payment of costs on appeal." D.N.M.LR-Civ. 65.1(b).

### III.   Discussion

The Court has inherent authority to require a party to post a bond. *Gudmundsson*, 2004 WL 7337837, at *3 ("[F]ederal courts may require such bonds as an exercise of its inherent authority."). Whether to do so or not is at the Court's discretion, *id.*, and it declines to do so here.

First, as a practical matter, Defendant is requesting a bond from an entity which it insists "has no assets at all." Mot. at 5, ECF No. 300 ("Here, Plaintiff is not only without assets in the state; we have found no evidence that it has any assets at all."). And it appears Plaintiff never had assets, since it was "created to facilitate an investment in PolyNatura assets." Second Am. Compl. ¶ 15, ECF No. 67. From the start Defendant has been dealing with an entity it knew existed only to receive funds from the Agreement. Defendant had no reason to believe Plaintiff had other assets. The Court sees no point in requiring water from a stone and declines to require a bond from Plaintiff.

Further, and in the alternative, Defendant's own factors point away from requiring a bond. First, Defendant insists that there is a risk of non-payment from Plaintiff. Mot. at 4-6, ECF No. 300. The Court understands this factor to mean the risk that a party awarded fees or costs will have difficulty securing payment from an opposing party with *unreachable* assets. *See Gudmundsson*, 2004 WL 7337837, at *5 (discussing the difficulty of defendants collecting costs where plaintiffs are non-citizens and non-residents of the United States with assets outside the United States). Defendant, however, does not think Plaintiff has unreachable assets; Defendant thinks Plaintiff has no assets. Mot. at 5, ECF No. 300; Reply at 3-4, ECF No. 306. There is no risk that a plaintiff without assets will withhold their assets.[3] Furthermore, Plaintiff, as it points out, has given no

---

3   Defendant notes that Plaintiff's parent company has assets in Canada but also despairs that it is "judgment proof." Mot. at 5, ECF No. 300.

reason to think it will not pay. Resp. at 9-10, ECF No. 301. Defendant's first factor is against requiring a bond.

As to the second factor, Defendant erroneously insists that the Court ruled "Plaintiff's claims are without merit." Mot. at 6, ECF No. 300. That is laughably inaccurate. The Court dismissed three of Plaintiff's claims because Plaintiff failed to get a necessary expert to explain to the factfinder what constitutes "commercially reasonable efforts," not because they were meritless. *See* Omnibus Order at 13, ECF No. 199. As for the fourth claim, the Court dismissed it as moot not because it was without merit, but because Defendant paid Plaintiff all the damages to which it was entitled. *See* Order Granting Def.'s Mot. to Dismiss at 13-16, ECF No. 286. The second factor is strongly against requiring a bond.

The third factor, the reasonableness of the amount, points against requiring a bond as well. Defendant insists $4.7 million is a reasonable amount because Defendant believes it is the prevailing party and $4.7 million is, roughly, the amount requested by Defendant in its Motion for Costs and Attorneys' Fees. Mot. at 1, 6-7, ECF No. 300. Defendant's reasonableness arguments are largely cursory. *See id.* at 6-7; *see* Reply at 4, ECF No. 306. And, as Plaintiff points out, Defendant's only case in support of a 100% bond is based on California state requirements. Resp. at 5-6, ECF No. 301; Mot. at 6-7, ECF No. 300 (citing *Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, No. 221CV09552CASSKX, 2023 WL 2465972, at *8-9 (C.D. Cal. Mar. 9, 2023)). While Defendant is the prevailing party and is entitled to costs and attorneys' fees under the Agreement, Order on Mot. for Costs and Attorneys' Fees at 16, ECF No. 310, the amount of costs and attorneys' fees remains in dispute, *see id.* at 18-20. Reduction would result in a $4.7 million bond being more than the amount awarded. Therefore, while $4.7 million might be a

reasonable amount in retrospect, the Court cannot say that it is at this junction. The third factor is against requiring a bond.

As both practical reasons and Defendant's listed factors are against the Court requiring Plaintiff to post a bond, the Court declines to exercise its inherent authority and declines Defendant's request.

## IV. Conclusion

In summary, the Court declines to exercise its inherent authority and will not order Plaintiff to post a bond. For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for a Security Bond is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE