IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELGRAVIA HARTFORD GOLD ASSETS CORP.,
f/k/a IC POTASH CORP.,

      Plaintiff,

v.                                                                  Civ. No. 2:21-cv-00918-MIS-JHR

POLYNATURA CORP., f/k/a
INTERCONTINENTAL POTASH CORP.,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff Belgravia Hartford Gold Assets Corp.'s ("Belgravia" or "Plaintiff") Motion for Reconsideration ("Motion"), filed April 16, 2026. ECF No. 288. On May 11, 2026, Defendant PolyNatura Corp.'s ("PolyNatura" or "Defendant") filed a Response. ECF No. 297. On May 29, 2026, Plaintiff filed a Reply. ECF No. 302. The Motion is ripe for consideration. Upon review of the Parties' submissions, the record, and the relevant law, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion.

## I. Background

The present dispute centers on the development of a polyhalite mine in Lea County, New Mexico. Second Am. Compl. & Jury Demand ("Second Am. Compl.") ¶¶ 5, 14, ECF No. 67. Two water wells were drilled for projected use in the mining project. *Id.* ¶ 14. Over time, several investors fought for control of PolyNatura, the entity that owns the rights to extract the minerals and the interests in the water. *Id.* ¶¶ 14, 17. Lengthy litigation resulted in a 2017 settlement in which the entity now known as Belgravia agreed to give Cartesian Capital full ownership and control of PolyNatura in exchange for two cash payments and royalties. *Id.* ¶ 17.

1

To fulfill the royalty portion of the settlement, the Parties entered into a Royalty Agreement ("Agreement"). *Id.* ¶ 5. The Agreement is governed by the laws of the State of New Mexico. § 9.g., ECF No. 137-8. The Agreement provides that "[i]n any dispute arising out of or relating to this Agreement, the prevailing Party shall be entitled to recover from the other Party court costs and reasonable attorneys' fees." *Id.*

After several years of no revenues passing to Plaintiff under the Agreement, Plaintiff sued Defendant. *See generally* Second Am. Compl., ECF No. 67. The Court granted summary judgment to Defendant on three claims concerning whether Defendant used "commercially reasonable efforts" (CRE) in executing the Agreement. Omnibus Order at 39, ECF No. 199. The Court dismissed the last claim, concerning whether Defendant breached the contract between May and September 2021 by unreasonably blocking Plaintiff's access to records, after Defendant tendered full damages on the claim to Plaintiff. Order Granting Def.'s Mot. to Dismiss at 21, ECF No. 286.

After final judgment, Defendant filed a Motion for Costs and Attorneys' Fees asking the Court to name it the prevailing party under New Mexico law and seeking costs and attorneys' fees as provided for in the Agreement. ECF No. 289. The Court issued an order granting that Motion contemporaneously with this one. ECF No. 310. In it, the Court found that Defendant is the prevailing party under New Mexico law because, by receiving summary judgment on the three CRE claims, it prevailed on the main issue and is therefore entitled to costs and attorneys' fees. *Id.* at 8-16. The Court found that the winner of the fourth claim, alleging breach of contract regarding record access, was immaterial to determining the prevailing party because that claim was a minor issue. *Id.* at 16-17. The Court referred calculation of the total amount to the Magistrate Judge. *Id.* at 18-20.

In this Motion, Plaintiff argues the Court should reconsider its decision dismissing the final claim. Mot. at 1, ECF No. 288. Plaintiff argues the Court made multiple errors of law and fact, including "misapprehend[ing] [Plaintiff's] position," *id.* at 2-4, committing legal error by dismissing the claim with prejudice while finding it was moot for lack of jurisdiction due to the payment of full damages, *id.* at 4-6, improperly extinguishing Plaintiff's right to judgment about whether Defendant is liable on the minor claim, *id.* at 6-9, 16-20, improperly foreclosing punitive damages, *id.* at 9-15, and depriving Plaintiff of its Seventh Amendment right to a jury trial, *id.* at 20-21.

Defendant responds that the Court's limitation of damages, and therefore its apprehension of Plaintiff's position and punitive damages, was correct, Resp. at 1-7, ECF No. 297, a finding of mootness does not require Defendant to concede liability, *id.* at 7-10, the Court correctly determined Plaintiff had no right to judgment because the only remaining issue was costs and attorneys' fees, *id.* at 10-12, Plaintiff has no right to trial, *id.* at 12, and the Court properly dismissed the claim with prejudice because Plaintiff has no grounds to bring the claim again after receiving full damages, *id.* at 12-13.

Plaintiff replies that it never conceded the damages paid to it were the full amount to which it was entitled, Reply at 1-2, ECF No. 302, dismissal with prejudice is still error because jurisdiction and merits were not inseparable, *id.* at 2-3, Defendant admits Plaintiff is entitled to judgment, *id.* at 3-4, and punitive damages remain available because damages were paid, *id.* at 4.

## II.  Legal Standard

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

### III. Discussion

The Court grants the Motion with respect to its dismissal of the breach of contract claim with prejudice. The Court dismissed the breach of contract claim as moot for lack of subject matter jurisdiction. ECF No. 286 at 9-10. In the Tenth Circuit, "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). The Court therefore hereby amends its Order Granting Defendant's Motion to Dismiss to read "Plaintiff's claim for damages resulting from a breach of § 7 of the Royalty Agreement is **MOOT** and **DISMISSED WITHOUT PREJUDICE**." ECF No. 286 at 21.

As to all other matters, the Court declines to reconsider its Order Granting Defendant's Motion to Dismiss and denies it accordingly. ECF No. 286. The Court recognizes that there are reasonable disagreements with the remainder of the legal reasoning in its Order, but the Court does not find there was clear error. *See generally id.*

Neither does the Court find that it misapprehended the facts or a party position such that there is a need to reconsider the order to prevent manifest injustice. Rather, Plaintiff's arguments indicate it does not understand the basis for the Court's reasoning.

Plaintiff argues the Court misapprehended its position when the Court found Plaintiff conceded that the maximum amount of compensatory damages was $9,046.05 on January 6, 2026 based on Plaintiff's nonresponse to Defendant's assertion. Order Granting Mot. to Dismiss at 13-16, ECF No. 286 (citing Def.'s Mot. to Dismiss at 2, ECF No. 244; Pl.'s Resp. to Def.'s Mot. to

4

Dismiss, ECF No. 248). Plaintiff argues they did not concede because (1) they objected to the Court's Order Granting in Part and Denying in Part Defendant's Motion in Limine ("Order on Defendant's MIL"), ECF No. 242, during a Court hearing and (2) they submitted Jury Instructions requesting $12,200,000 for "direct damages . . . 'caused by delay or denial of inspection.'" Mot. for Reconsideration at 2-4, ECF No. 288. Neither argument is coherent.

As to the former argument, Plaintiff's objection to the Court's Order on Defendant's MIL does not bear on the Court's finding that Plaintiff conceded the amount of compensatory damages. The Court did not find Plaintiff conceded compensatory or consequential damages in its Order on Defendant's MIL, ECF No. 242, issued December 19, 2025. Quite the opposite. The Court closed off Plaintiff's compensatory claims for "fees paid to attorneys for actions related to enforcement of contract rights or commencement or continuation of litigation." *Id.* at 19-22. The Court did not address compensatory damages, *see generally* Order on Def.'s MIL, ECF 242, and the Court left open the possibility of claiming "sufficiently supported" consequential damages, *id.* at 21 ("If the jury so finds, consequential damages stemming from a supposed breach of § 7 are available to Plaintiff if sufficiently supported."). Plaintiff conceded compensatory damages *afterwards*, on January 6, 2026, when Plaintiff submitted its Response to Defendant's Motion to Dismiss. ECF No. 248. Plaintiff's nonresponse to Defendant's assertions about compensatory damages is the source of the limitation on compensatory damages. Order Granting Def.'s Mot. to Dismiss at 13-16, ECF No. 286. The Court did not misapprehend Plaintiff's position, Plaintiff misapprehended the source of its concession.

Plaintiff's latter argument, that it did not concede damages because it filed Jury Instructions requesting $12,200,000 in direct damages, ECF No. 273 at 4, is likewise deficient. First, Plaintiff's Jury Instructions were untimely. *See* Scheduling Order, ECF No. 236. Plaintiff submitted them

5

after the Court ordered both Parties, on the eve of the pretrial conference, to explain "why they should not be subject to sanctions for having missed numerous trial submission deadlines." Order to Show Cause, ECF No. 265. Second, even if the instructions were timely, Plaintiff's request for $12,200,000 in direct damages is an obvious, and impermissible, attempt to revive claims three and four.[1] Plaintiff was attempting to realize the exact amount owed to it under the Royalty Agreement. To do so, Plaintiff would have to explain to the jury how obtaining records for four months would have enabled it to obtain the entirety of the Royalty Agreement amount in that time—an exceptionally unlikely task, especially considering its inability to bring necessary expert testimony. *See* Omnibus Order at 13, ECF No. 199. As Plaintiff's Jury Instructions were simply an attempt to pursue claims three and four via impermissible means, the Court does not find it a credible claim for compensatory damages stemming from an alleged breach. Therefore, the Court has not misapprehended Plaintiff's position.

Plaintiff has a bigger problem, however. Success on this Motion cannot help it achieve its overall purpose. Plaintiff is attempting to revive its claim for liability on the fourth claim so that it can fight Defendant's designation as the prevailing party and the attendant award of costs and attorneys' fees under the Agreement. Mot. at 7 ("Belgravia retains concrete economic interests in both a liability determination and the prevailing-party fee consequences that flow from it."), 16 ("A Liability Determination Controls a Multi-Million Dollar Attorneys' Fee Claim and Cannot Be Dismissed as an Insufficient Controversy"), ECF No. 288. Plaintiff believes that a finding of liability on the breach claim would affect which Party is the prevailing party under the Agreement and therefore control the award of costs and attorneys' fees. It would not.

---

[1]    In the same Jury Instructions Plaintiff listed $1,596,357.57 in legal fees as consequential damages "incurred as a result of the breach." ECF No. 273 at 4. As noted above, the Court closed off that possibility a month and a half prior to Plaintiff's filing in its Order on Defendant's MIL. ECF No. 242 at 19-21. The Court suspects Plaintiff panic-filed previously drafted Jury Instructions after reading the Court's Order to Show Cause.

The CRE claims on which Defendant prevailed are the main issue. Order on Def.s' Mot. for Costs and Attorneys' Fees at 16, ECF No. 310. It does not matter to the Court's prevailing party analysis who "won" on the minor breach claim. *Id.* at 16-17 ("Finally, Plaintiff and Defendant's squabble about who 'won' on claim one is immaterial. The winner of the minor issue does not impact which party is the prevailing party under New Mexico state law."). Even if the breach of contract claim went to a jury trial, and even if the jury found Defendant liable for breach of contract, the Court could not find that Plaintiff prevailed on the main issue or that neither Party prevailed. *See id.*

## IV. Conclusion

In summary, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **GRANTED IN PART and DENIED IN PART**.

1. The Court hereby **AMENDS** its Order Granting Defendant's Motion to Dismiss to read "Plaintiff's claim for damages resulting from a breach of § 7 of the Royalty Agreement is **MOOT** and **DISMISSED WITHOUT PREJUDICE**." ECF 286 at 21; and

2. The Motion is **DENIED** as to all other matters.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE